## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

ALMARIA OZELL BAKER                                **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 5:18CV-19-TBR**

**TRIGG CO. PUBLIC SCHOOLS**                         **DEFENDANT**

## <u>MEMORANDUM OPINION</u>

Plaintiff Almaria Ozell Baker filed the instant *pro se* action. Because the complaint fails to meet the pleading standards of Fed. R. Civ. P. 8(a), the action will be dismissed.

Plaintiff filed her complaint on the Court-approved complaint form for filing a civil case. She lists Defendant as the Trigg County Public Schools. Where the complaint form asks the filer to state the basis for this Court's jurisdiction, Plaintiff checked the box for diversity of citizenship. In the statement-of-claim portion of the form, she states, "Discrimination." In the relief section, Plaintiff writes, "No wages gain[;] pain & suffering[;] travel expenses." There are no other allegations in the complaint.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff's complaint fails to meet this standard. She fails to provide any statement of her claim. Plaintiff's one-word allegation of "Discrimination," without any further factual basis, fails to give Defendant "fair notice" of her claim(s) against it. *Swierkiewicz*

*v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff fails to allege any factual grounds to support her complaint, this action will be dismissed by separate Order for failure to meet the pleading standard in Fed. R. Civ. P. 8(a).

Date:

cc:      Plaintiff, *pro se*
4413.010